IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.          No. 16-cr-3417-RB

BRYAN LAWSON,

      Defendant.

**ORDER**

**THIS MATTER** is before the Court on Bryan Lawson's Motion to Appoint Counsel. (Doc. 59.) Lawson, who is currently housed at FCI La Tuna in Anthony, Texas, asserts that he is "being held in a Segregated Housing Unit (SHU) while under investigation by both the SIS . . . and also the FBI." (*Id.*) The FBI has interviewed him "for an assault that they believe happened" but has not answered his questions regarding why he is being investigated. (*See id.*) Lawson asks the Court to appoint counsel to represent him in this matter. (*See id.*)

Lawson does not provide details on the assault. (*See id.*) Assuming the assault occurred at the prison facility, it is a "well-established rule that inmates do not have a right to counsel in prison disciplinary proceedings." *Watters v. Ray*, 175 F. App'x 212, 214 (10th Cir. 2006) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976)) (subsequent citation omitted). Regardless, "the right to counsel does not attach until the initiation of adversary judicial proceedings . . . ." *United States v. Gouveia*, 467 U.S. 180, 188 (1984) (citing *Estelle v. Smith*, 451 U.S. 454, 469–70 (1981)) (subsequent citations omitted). The circumstances in *Gouveia* provide guidance here. In that case, inmates at a federal prison were suspected of murdering another inmate. *See id.* at 182. The inmates were placed in administrative segregation pending investigation by prison officials and the FBI.

*See id.* at 182–83. "[P]rison officials held disciplinary hearings, determined that [the inmates] had participated in the murder . . . , and ordered their continued confinement in [segregation]." *Id.* at 183. They were held in segregation for approximately 19 months before a federal grand jury returned an indictment against them. *See id.* Once they were arraigned, counsel was appointed. *See id.* The inmates moved to dismiss the indictments on the basis "that their confinement in [segregation] without appointment of counsel . . . violated their Sixth Amendment right to counsel." *Id.* The United States Supreme Court disagreed, as "the 'core purpose' of the counsel guarantee is to assure aid at trial, 'when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor.'" *Id.* at 188–89 (quoting *United States v. Ash*, 413 U.S. 300, 309 (1973)).

Considering *Gouveia* and given that Lawson has not provided any information to establish he is otherwise entitled to court-appointed counsel, the Court finds the motion is not well-taken.

**THEREFORE,**

**IT IS ORDERED** that Lawson's Motion to Appoint Counsel (Doc. 59) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE